IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT EVANS MAHLER,

    Plaintiff,

v.

KIA MOTORS AMERICA, DOES 1-10,

    Defendants.

Civ. No. 6:17-cv-1770-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff filed a complaint against Defendant KIA Motors America alleging violations of the Magnuson-Moss Warranty Act, the Federal Trade Commission Act, and the Americans with Disabilities Act, The complaint also alleges that KIA was negligent. Defendant KIA moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims with regards to the FTCA, ADA, and negligent claims. Defendant also moves to dismiss the remaining Magnuson-Moss Warranty Act claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

    For the reasons stated below, Defendant's motion to dismiss (ECF No. 9) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

## FACTUAL BACKGROUND

    Plaintiff purchased a new 2011 KIA Sorento vehicle with a "Slap Shift" automatic transmission. Compl. ¶ 7. Plaintiff's new vehicle was covered by a 10 year or 100,000 mile

1 – OPINION AND ORDER

warranty. *Id*. ¶ 8. Plaintiff began to experience issues with this Sorento's cruise control, the driver's outside door handle, the climate control knobs and emergency button, and the transmission. Plaintiff reported these issues to "KIA Dealerships on or before expiry of KIA's 100,000 mile and 10 year warranty." *Id*. ¶s 7, 10, 12.

After the mileage on Plaintiff's Sorento exceeded 100,000 miles, Plaintiff sent two demand letters to KIA Motors America. *Id*. ¶ 9. The first demand letter, dated September 7, 2017, states: "The model year for my Sorento is 2011. The mileage is about 103,500. With less mileage, the full warranty would be valid to the year 2021; approximately another 3 1/2 years." *Id*. Ex. 1. Both demand letters report that Plaintiff communicated with 'KIA customer service representative "Heather" regarding [his] Sorento' and that he would like a phone call response. *See id*. Ex.'s 1 & 2. KIA did not respond to either demand letter. Compl. ¶ 11. Plaintiff alleges that KIA representative "Heather" called his home on October 31, 2017[1], at 5:30 a.m. leaving a voicemail message inquiring about his Sorento. *Id*. ¶ 13.

Plaintiff has advanced osteoarthritis, left-sided hemiplegia, and left and right knee implant prosthetics. *Id*. ¶3.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

---

[1] The date of the phone call is after both demand letters were sent.

While considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Magnuson-Moss Warranty Act

Plaintiff's first claim for relief alleges violations of the Magnuson-Moss Warrant Act. Compl. ¶s 32-43. For this court to have jurisdiction over a Magnuson-Moss claim, the amount in controversy must meet or exceed $50,000, exclusive of costs and interests. *See* 15 U.S.C. § 2310(d)(3)(B). To determine the amount in controversy, the court looks to the pleadings. *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1037-38 (9th Cir. 2004) ("If it 'appear[s] to a legal certainty that the claim' cannot meet the statutory threshold, the suit should be dismissed for lack of jurisdiction."); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Here, Plaintiff's prayer seeks compensatory damages of $29,734.32 and economic damages of $5,125. *See* Compl. Because the combined damages sought of $34,859.32, exclusive of punitive damages[2], is below the $50,000 jurisdictional threshold under 15 U.S.C. §

---

[2] Punitive damages are not allowed under the Magnuson-Moss Act. *See Kelly*, 377 F.3d at 1039 (9th Cir. 2004); 15 U.S.C. § 2301 *et seq.* Oregon law also does not allow punitive damages for a breach of warranty claim. *See, e.g.,* ORS § 72.1010 *et seq.* (Oregon's enactment of the Uniform Commercial Code); *see also Farris v. United States Fidelity & Guaranty Co.*, 284 Or 453 (Or. 1978) ("The general rule is that there is no recovery of punitive damages for breach of contract.").

3 – OPINION AND ORDER

2310(d)(3)(B), this court lacks original jurisdiction over Plaintiff's claim for violation of the Magnuson-Moss Warranty Act. Plaintiff's first claim for relief is dismissed.

## II. Federal Trade Commission Act

Plaintiff's second claim for relief alleges violations of the Federal Trade Commission Act. Compl. ¶s 44-48. The Federal Trade Commission Act, however, does not provide for a private right of action. *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973). Because a private party cannot maintain a cause of action under the Federal Trade Commission Act, 15 U.S.C. § 45(a), Plaintiff's second claim for relief is dismissed.

## III. Americans with Disabilities Act

Plaintiff's fourth claim for relief alleges violations of the Americans with Disabilities Act without specifying which ADA Title applies. Compl. ¶s 52-54. Plaintiff does allege specifically that the discrimination was in failing to repair his vehicle:

> From Plaintiff's purchase date in 2011, through the current date, Defendants discriminated against Plaintiff by failing, and refusing to accommodate, Plaintiff's disability by not responding to Plaintiff's request for help in repairing, or replacing defective parts in his KIA Sorento. Defendants' failure, refusal, and denial of Plaintiff's request for help in replacing or repairing defective parts prevented Plaintiff from utilizing the vehicle for intended purposes.

Compl. ¶ 53.

The ADA prohibits discrimination on the basis of disability in four broad areas: Employment (Title I, §§ 12111 through 12117), Public Services (Title II, §§ 12131 through 12165), Public Accommodations and Services Operated by Private Entities (Title III, §§ 12181 through 12189), and Miscellaneous Provisions (Title IV, §§ 12201 through 12213).

From the factual allegations in Plaintiff's complaint, it is clear that Titles I, II, and IV do not apply. Plaintiff does not allege KIA employed him, KIA does not provide a public service as

4 – OPINION AND ORDER

defined by the ADA, and the miscellaneous provisions do not provide a right of action that relates to any claim made by plaintiff.

As to Title III of the ADA, which relates to "Public Accommodations," it prohibits:

> Discrimination against [individuals] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

*Id*. at § 12182(a).

Under Title III, a plaintiff must allege three basic elements: (1) the plaintiff is disabled as defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. *See id.*; *see also Arizona ex rel. Goddard v. Harkins Amusement enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

A public accommodation is defined at 42 U.S.C. § 12181(7)(A)-(L), with each subparagraph specifically designating buildings or locations where individuals from the public are permitted to enter. Here, Plaintiff does not claim to have visited a public accommodation owned, leased, or operated by KIA Motors America, which is an automobile manufacturer. Plaintiff alleges to have taken his vehicle to "KIA dealers" for service, but dealerships are legal entities independent of the named defendant. Compl. ¶s 18, 27.

Additionally, as it is relates to the third prong, plaintiff has not alleged that KIA treated him in any particular or discriminatory way because of his disability. Defendant's response to plaintiff's request to repair his vehicle was not alleged to have resulted from plaintiff's disability, but from a disagreement among the parties as to the application of the manufacturer's warranty.

Because the allegations do not satisfy the second or third prong for a claim under Title III of the ADA, plaintiff's fourth claim for relief is dismissed.

## IV. Negligence claim and supplement jurisdiction

The remaining claim in this suit is for state common law negligence. Because there is no longer a federal claim, this Court lacks original jurisdiction. Without original jurisdiction, this court cannot exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Because this court lacks jurisdiction, Plaintiff's negligence claim is dismissed without prejudice.

The Court also observes that the harm to have allegedly resulted from the negligence claim appears to be "emotional abuse." Compl. ¶ 50. There is no claim for physical injury. The Oregon Supreme Court has "consistently . . . rejected claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury." *Paul v. Providence Health System-Oregon*, 351 Or. 587 (Or. 2012) (*citing Hammond v. Central Lane Communications Center*, 312 Or. 17, 23-24 (Or. 1991)).

In addition, because the Plaintiff and KIA were involved in only an arms-length transaction, a car sale, there is no special relationship which would give rise to a "legally protected interest" such that pure emotional distress would be recoverable. *Mullen v. Meredith Corp.*, 271 Or. 698 (Or. App. 2015).

## V. Leave to file amended complaint

If a complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citations and internal quotation marks omitted). Because the legal shortcomings in plaintiff's complaint cannot be fixed by amending the pleadings, granting leave to file an amended complaint would be futile. There is no legal right to a private cause of action under the FTCA. Under the Magnuson-Moss Warranty Act, the alleged

damages do not meet the jurisdictional threshold. The second and third prong for a Title III, ADA claim cannot be met. And, the Court declines to exercise jurisdiction at to the state negligence claim. Plaintiff's motion for leave to file an amended complaint (ECF No. 11) is DENIED.

## **CONCLUSION**

Defendant's motion to dismiss (ECF No. 9) is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 24th day of April, 2018.

___/s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**
